IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH DIVISION

| | |
|---|---|
| ALLYSON CALLOWAY, <br><br> Plaintiff, <br><br> vs. <br><br> BOROUGH OF PITCAIRN; MARGARET STEVICK; SCOTT FARALLY; BRENDAN LINEBARGER; WILLIAM GOOD; NICK TURNER, <br><br> Defendants. | Case No. 2:22-cv-197 <br><br> **COMPLAINT IN CIVIL ACTION** <br><br> Fed.R.Civ.P. 38(b)(1) Notice of Demand for Trial by Jury |

## **COMPLAINT**

NOW COMES the Plaintiff, by and through The Trial Law Firm, LLC and in compliance with Fed.R.Civ.P. 9(c), and files the within Complaint in Civil Action, and in support thereof avers that:

**Parties, Jurisdiction, and Venue**

1. The Plaintiff is Allyson Calloway ("Calloway"). Calloway is an individual who resides in Allegheny County, Pennsylvania.

2. The First Defendant is the Borough of Pitcairn ("Pitcairn"). Pitcairn is a municipality organized under the laws of the Commonwealth of Pennsylvania.

3. The Second Defendant is Margaret Stevick ("Stevick"). Stevick is an individual who resides in Allegheny County, Pennsylvania, and the Mayor of Pitcairn.

4. The Third Defendant is Scott Farally ("Farally"). Farally is an individual who resides in Allegheny County, Pennsylvania, and is the Pitcairn police chief.

5. The Fourth Defendant is Brendan Linebarger ("Linebarger"). Linebarger is an individual who resides in Allegheny County, Pennsylvania, and a Pitcairn police officer.

6. The Fifth Defendant is William Good ("Good"). Good is an individual who resides in Allegheny County, Pennsylvania, and an Allegheny County police officer.

7. The Sixth Defendant is Nick Turner ("Turner"). Turner is an individual who resides in Allegheny County, Pennsylvania, and a code enforcement officer for Pitcairn.

8. Calloway brings this lawsuit to redress violations of, *inter alia,* her Fourth Amendment rights by way of 42 U.S.C. § 1983. Thereby this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction under 28 U.S.C. § 1367(a).

9. The events and omissions which give rise to the claims asserted in this lawsuit occurred in the geographical territory of this court, in or around Pitcairn, Pennsylvania. Therefore, pursuant to 28 U.S.C. § 1391(b), this district court is the proper venue for this lawsuit.

**Facts of the Case**

10. All other paragraphs of this lawsuit are incorporated.

11. Calloway is a Black resident and business owner in Pitcairn, Pennsylvania.

12. On or about, *inter alia,* November 17, 2020, Calloway publicly via Facebook criticized the Pitcairn police for violence against Black people, and had received media attention and social media fame for those criticisms.

13. Upon information and belief, including but not limited to the fact that Defendants Stevick, Turner, and Farrelly as well as people personally and/or professionally connected to the Defendants have commented on Calloway's Facebook posts which are critical of law enforcement, Defendants were aware of her public criticisms.

14. After Calloway's November 17, 2020 criticisms, the Pitcairn Police engaged in a retaliatory campaign of harassment of Calloway, *inter alia*, as follows:

   a. Turner, who upon information and belief was acting at the behest of Stevick and/or Farrelly, on numerous occasions harassed Calloway and interfered with her businesses by, *inter alia*, trying to force her to remove her sign from her business while not targeting the substantially similar signs of businesses owned by white people.

   b. Turner, who upon information and belief was acting at the behest of Stevick, attempted to have Calloway's landlord evict her.

   c. Turner, who upon information and belief was acting at the behest of Stevick and/or Farrelly, attempted to convince the Monroeville Fire Inspector to wrongfully fail Calloway's inspection.

   d. On or about January 19, 2021, Pitcairn Police and Good knowingly caused Calloway to be falsely charged without probable cause and knowledge of actual innocence with felony hindering prosecution (18 Pa. C.S. 5105 §(a)(3)) and misdemeanor tampering with evidence (18 Pa C.S. 4910 § (1)). Calloway was found not guilty at trial.

  e. Shortly before Calloway's trial on August 21, 2021, and upon Stevick's instruction, Turner, demanded to be allowed to search Calloway's store premises, falsely claiming that he was investigating a crime.

  f. Upon information and belief, one of Defendants and/or someone at one of Defendants' direction have repeatedly called Children and Youth Services on Calloway, making a variety of false claims that Calloway is committing child abuse.

  g. In or around Summer, 2021, Stevick approached Calloway and falsely told Calloway that that a business owner was complaining about chalk on the sidewalk. Stevick did not know that Calloway was the owner of said business. Upon learning same, Spevick stated, "[t]oday it's chalk, tomorrow it's graffiti."

  h. In or around September 2021, Farally illegally and without a warrant or probable cause or permission searched Calloway's business.

  i. Shortly before her trial, Calloway was again knowingly falsely charged without probable cause and knowledge of actual innocence by Pitcairn Police, specifically, Linebarger, with misdemeanor institutional vandalism and other summary offenses.

  j. Various Pitcairn police officers parking their cars in front of one of Calloway's two businesses, and in particular, blocking entry into one of her businesses. On one of those occasions, when Calloway asked the officers to not block the entrance to her store, she was told by one of the officers that his "directive was to sit here."

15. Upon information and belief, including but not limited to the fact that Stevick stated "there are too many African-Americans here" some or all of the actions of Defendants complained of in this lawsuit are because Calloway is Black, in addition to that Calloway engaged in protected activity under the First and Sixth Amendments.

16. These causes of action follow:

# COUNT I
## 42 U.S.C. § 1983- First Amendment Retaliation

### Calloway v. All Defendants

17. All other paragraphs of this lawsuit are incorporated.

18. Calloway engaged in protected activity under the First Amendment as demonstrated in ¶ 10 of this Complaint.

19. Defendants engaged in materially adverse actions following Calloway's protected activity as demonstrated in ¶ 14 of this Complaint.

20. Retaliatory causation can be inferred on the non-exclusive basis of the temporal proximity between the protected activity and the materially adverse actions, as well as the antagonism demonstrated in ¶¶ 13-15 of this Complaint.

21. As a direct and proximate cause of Defendants' actions, Calloway was injured and suffered economic and non-economic damages.

# COUNT II

## 42 U.S.C. § 1983- False Arrest and Malicious Prosecution

### Calloway v. All Defendants

22. All other paragraphs of this lawsuit are incorporated.

23. On or about January 19, 2021, Calloway was charged with crimes that Defendants knew she did not commit at case number MJ-05207-CR-000023-2021.

24. On or about September 1, 2021, Calloway while *pro se* was acquitted following trial in case number CP-02-CR-0001298-2021 before the Honorable Alexander P. Bicket in the Allegheny County Court of Common Pleas.

25. As a direct and proximate cause of Defendants' actions, Calloway was injured and suffered economic and non-economic damages.

**COUNT III**

**42 U.S.C. § 1983- Sixth Amendment Retaliation**

**Calloway v. All Defendants**

26. All other paragraphs of this lawsuit are incorporated.

27. On or about August 17, 2021, Calloway engaged in protected activity under the Sixth Amendment by demanding her right to a speedy and public trial.

28. On or about August 23, 2021, Defendants charged Calloway with crimes she did not commit at case number MJ-05207-CR_0000400-2021.

29. As further demonstrated in ¶ 14 Defendants engaged in further materially adverse actions.

30. Retaliatory causation can be inferred on the non-exclusive basis of the temporal proximity between the protected activity and the materially adverse actions, as well as the antagonism demonstrated in ¶¶ 13-15 of this Complaint.

31. As a direct and proximate cause of Defendants' actions, Calloway was injured and suffered economic and non-economic damages.

## COUNT IV

### 42 U.S.C. ¶ 1983- Monell Liability

### Calloway v. Pitcairn

32. All other paragraphs of this lawsuit are incorporated.

33. Defendants' actions against Calloway are upon information and belief, including but not exclusively limited to those facts discussed in ¶¶ 14-15 of this Complaint, directed personally by Stevick, who is the Mayor of Pitcairn, and therefore has final policy-making authority for Pitcairn.

34. As a class of one, Calloway was subjected to a municipal policy of race discrimination and retaliation as described throughout this Complaint.

35. As a direct and proximate cause of Defendants' actions, Calloway was injured and suffered economic and non-economic damages.

# COUNT V

## 42 U.S.C. § 1981- Race Discrimination

### Calloway v. Stevick

36. All other paragraphs of this lawsuit are incorporated.

37. Calloway engaged in protected activity by contracting to rent and do business in Pitcairn.

38. Upon information and belief, including but not exclusively limited to the fact that in or around the Summer of 2021, Stevick stated that she did not want Black people renting property in Pitcairn, Stevick personally caused Pitcairn to target Calloway as described throughout this Complaint because Calloway is Black and entered into and performed contracts in Pitcairn.

39. As a direct and proximate cause of Defendant's actions, Calloway was injured and suffered economic and non-economic damages.

WHEREFORE, Plaintiff respectfully requests Judgment against Defendants, jointly and severally where appropriate, to include both economic and non-economic compensatory damages to include emotional damages, humiliation, embarrassment, pain and suffering, and loss of enjoyment of life, as well as punitive damages, attorney's fees, and cost of suit.

Respectfully submitted on February 2, 2022

                **THE TRIAL LAW FIRM, LLC**

**By:** _____
Mart Harris, Esquire
Pa. Id. No. 319504
428 Forbes Avenue, Suite 1700
Pittsburgh PA 15219
412.588.0030 (p)
412.265.6505 (f)
MH@TLawF.com
*Trial Lawyer for Allyson Calloway*