**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ALLYSON CALLOWAY,                         )
                                          )
                    Plaintiff,            )
                                          )        Civil Action No. 22-197
             v.                           )        Judge Nora Barry Fischer
                                          )
                                          )
BOROUGH OF PITCAIRN, et al.,              )
                                          )
                    Defendants.           )
                                          )

## MEMORANDUM OPINION

### I. INTRODUCTION

In her second amended complaint, Plaintiff Allyson Calloway brings various civil rights claims against the Borough of Pitcairn and several individuals associated with the Borough ("Borough defendants"), along with a single count against Allegheny County police officer William Good. (Docket No. 33). While the Borough defendants have answered the second amended complaint, (Docket No. 38), Good has sought dismissal of the single count against him by filing a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Docket No. 34). Presently before the Court are Good's Motion to Dismiss and Brief in Support, (Docket Nos. 34; 35); Calloway's Brief in Opposition, (Docket No. 36); and Good's Reply, (Docket No. 40). After careful consideration of the parties' positions and for the following reasons, Good's Motion to Dismiss [34] is granted.

### II. FACTUAL BACKGROUND

The following facts come from Calloway's second amended complaint. (Docket No. 33). The Court assumes these allegations are true for purposes of the present motion. *Bruni v. City of*

*Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016).

Calloway, an African American, lives in the Borough and operates a business there. (Docket No. 33 at ¶ 11). On November 17, 2020, she publicly criticized the Borough's police for "violence against Black people" via Facebook. (Docket No. 33 at ¶ 12). While other defendants involved in this lawsuit learned of the Facebook criticism, Calloway does not allege that Good -- an Allegheny County police officer -- learned of the criticism or was the subject of the criticism. Subsequently, Calloway experienced retaliation by some of the Borough defendants. (Docket No. 33 at ¶¶ 14a-j). For example, a Borough employee tried to force Calloway to remove her sign from her business but did not target "substantially similar" signs of businesses owned by white people. (Docket No. 33 at ¶ 14a). On another instance, a Borough employee "attempted to have Calloway's landlord evict her." (Docket No. 33 at ¶ 14b). Someone repeatedly called Children and Youth Services on Calloway for committing child abuse, calls that Calloway attributes to the Borough. (Docket No. 33 at ¶ 14f). On another occasion, the Mayor of the Borough, Margaret Stevick, confronted Calloway about chalk on the sidewalk in front of Calloway's business and said, "today it's chalk, tomorrow it's graffiti." (Docket No. 33 at ¶ 14g). At another point, Stevick allegedly said that "there are too many African-Americans" in the Borough. (Docket No. 33 at ¶ 15). Lastly, Borough police officers parked their cars in front of Calloway's business, blocking the entrance. (Docket No. 33 at ¶ 14j). When Calloway demanded they leave, one of the officers said that his "directive was to sit here." (Docket No. 33 at ¶ 14j). For this conduct, Calloway sued the Borough defendants for committing First Amendment Retaliation, Sixth Amendment Retaliation, and race discrimination under § 1981. (Docket No. 33 at ¶¶ 17-21, 28-41).

As Calloway alleges, Good is an Allegheny County police officer, not an employee of the Borough, who had no involvement in the described circumstances. For Good, Calloway makes

this single statement:

> On or about January 19, 2021, Pitcairn Police and Good knowingly caused Calloway to be falsely charged without probable cause and knowledge of actual innocence with felony hindering prosecution (18 Pa. C.S. 5105 §(a)(3)) and misdemeanor tampering with evidence (18 Pa C.S. 4910 § (1)). (Docket No. 33 at ¶ 14d).

Additionally, Calloway alleged that she had to spend a night in the Allegheny County jail because of the charges, and she was "restricted of her First Amendment right to travel" before her trial. (Docket No. 33 at ¶¶ 24-25). Lastly, Calloway alleged that on "September 1, 2021, Calloway while pro se was acquitted following trial in case number CP-02-CR-0001298-2021 before the Honorable Alexander P. Bicket in the Allegheny County Court of Common Pleas." (Docket No. 33 at ¶ 26). As a result of her criminal case, Calloway brought this § 1983 action against Good and the Borough defendants for false arrest and malicious prosecution in violation of the Fourth Amendment. (Docket No. 33 at ¶¶ 22-27).

### III. PROCEDURAL HISTORY

Calloway sued Good on February 3, 2022. (Docket No. 1). In her initial complaint, Calloway brought three claims against Good for First Amendment Retaliation; False Arrest and Malicious Prosecution; and Sixth Amendment Retaliation. (Docket No. 1 at 5-7). On March 7, 2022, the parties met and conferred to attempt to resolve alleged deficiencies in the complaint. (Docket No. 35-1). Calloway subsequently filed her first amended complaint. (Docket No. 14). In it, she brought a single claim against Good for false arrest and malicious prosecution. (Docket No. 14 at 6). In turn, Good filed a motion to dismiss for failure to state a claim in which he argued that Calloway had not set forth sufficient factual averments supporting her claim against him. (Docket Nos. 20, 21 at 3). After initially opposing Good's motion, Calloway changed course and sought leave to amend her complaint for a second time, a request that the Court granted after learning that

Good did not oppose the request. (Docket Nos. 23, 28, 30, 32). On April 20, 2022, Calloway filed her second amended complaint. (Docket No. 33).  Finally, Good renewed his arguments for dismissal, Calloway responded, and Good replied. (Docket Nos. 34, 35, 36, 40). As such, the Court considers Good's motion fully briefed and ripe for disposition.

## IV.  LEGAL STANDARD

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). While "accept[ing] all of the complaint's well-pleaded facts as true," the court "may disregard any legal conclusions." *Id.* at 210-11.

To survive the motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

To assess the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must take three steps: (1) outline the elements the plaintiff must plead to state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court's plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Third Circuit requires a court to "permit a curative amendment" of a complaint, "unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2002).

## V.   DISCUSSION

### A. Calloway Did Not Make Sufficient Factual Allegations to State a Claim Against Good

Good argues that after disregarding all legal conclusions in Calloway's complaint, no factual contentions exist to state a plausible claim of false arrest and malicious prosecution against him. (Docket No. 35 at 3). In opposition, Calloway argues that the averments in her complaint are sufficient for her complaint to survive a motion to dismiss. (Docket No. 36 at 1-2). She does not present any additional facts in her brief or seek leave to amend her complaint for a third time. (Docket No. 36). The Court agrees with Good. Despite numerous opportunities for amendment, Calloway's claim against Good does not contain factual allegations sufficient to state a plausible claim for relief.

For Calloway's malicious prosecution claim, she must establish that (1) Good initiated a criminal proceeding against her without probable cause; (2) Good acted maliciously or for a purpose other than bringing Calloway to justice; and (3) Calloway "suffered deprivation of liberty

consistent with the concept of seizure as a consequence of a legal proceeding." *Wheeler v. Wheeler*, 639 F. App'x 147, 149 (3d Cir. Jan. 20, 2016) (internal quotation marks and citation omitted). For false arrest, Calloway must establish "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). For both claims, Calloway must show that Good acted without probable cause when he arrested Calloway or initiated criminal proceedings against her. *Wheeling*, 639 F. App'x at 149-50. Good focuses on the lack of stated facts regarding the probable cause element necessary to set forth both Calloway's false arrest and malicious prosecution claims. (Docket No. 35 at 4-5).

Regarding the probable cause element, Calloway alleges that "Good knowingly caused Calloway to be falsely charged without probable cause and knowledge of actual innocence" without providing any further detail. (Docket No. 33 at ¶ 14d). Calloway's allegation is a legal conclusion, as numerous courts have held. *See, e.g.*, *Wheeler*, 639 F. App'x at 150 ("Thus, although Wheeler asserted in his complaint that Strelish initiated charges 'not based upon probable cause,' the District Court was under no obligation to accept that legal conclusion as true."); *Le. L. v. Burlington Cnty.*, 2021 WL 6125777, at *4 (D.N.J. Dec. 28, 2021) ("Here, as noted above, Plaintiff's allegation that Defendant lacked probable cause is conclusory and therefore insufficient."); *Basile v. Twp. of Smith*, 752 F. Supp. 2d 643, 657 (W.D. Pa. 2010) (Lenihan, J.) (holding that the allegation that plaintiffs "were arrested without probable cause" to be "conclusory in nature").

Calloway needed to "point to facts suggesting that [Good] lacked probable cause to believe [she] had committed the offense for which [she] was arrested. *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. May 15, 2013). Instead, after removing the conclusory allegation that Good lacked probable cause to arrest Calloway or initiate criminal proceedings against her, the Court

notes that Calloway makes no factual averment of any kind regarding the probable cause element of her claims. *Connelly*, 809 F.3d at 787. Lacking supporting factual averments, Calloway does not set out a plausible false arrest or malicious prosecution claim against Good. It is also well established that a defendant cannot be liable under § 1983 absent personal involvement in the alleged constitutional violations such that this bare bones pleading is insufficient to state a plausible claim against Good. *Williams v. City of York*, 967 F.3d 252, 261 (3d Cir. 2020). Accordingly, the Court will grant Good's motion to dismiss him from this action. (Docket No. 34).

## B.  Amendment of Calloway's Pleading Would Be Futile

The Court next considers whether the dismissal of Calloway's second amended complaint should be with prejudice or without prejudice. The Third Circuit has held that in civil rights cases "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113 (3d Cir. 2002). "Leave to amend may be denied for futility if 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 841 (3d Cir. 2014) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

Here, the Court finds that any further amendment of Calloway's claims would be futile. To that end, Calloway has already filed two amended pleadings in this matter. (Docket No. 14, 33). After Good moved to dismiss the first amended complaint, Calloway sought leave to amend her complaint for a second time and added the factual allegation that she spent a night in the Allegheny County Jail as a result of the criminal proceeding filed against her. (Docket Nos. 20, 28, 32, 33 at ¶ 24). This time, when Good sought to dismiss the second amended complaint, Calloway did not seek leave to file a third amended complaint and did not supply this Court with a proposed

7

pleading. (Docket Nos. 34, 36); *N.Y. Cent. Mut. Ins. Co. v. Edelstein*, 637 F. App'x 70, 74 n.5 (3d Cir. Feb. 1, 2016) ("Appellants were put on notice by Appellees' Motion to Dismiss . . . that their Second Amended Complaint may fail to allege a breach of contract claim," but they did not "request leave to amend their Second Amended Complaint . . . [and instead] argued . . .that their Second Amended Complaint successfully alleged a" breach of contract.); *see also Barnard v. Verizon Commc'ns, Inc.*, 451 F. App'x 80, 87 (3d Cir. Nov. 14, 2011). Likewise, Calloway does not set forth any additional facts in her brief in opposition that would make the Court believe that she could state a claim against Good. (Docket No. 36). Indeed, she filed her brief in opposition only a few hours after Good moved to dismiss. (Docket Nos. 34, 36). Armed with "judicial experience and common sense," it is the Court's view that Calloway's decision to forego amending her complaint with additional factual allegations after doing so previously indicates that further amendment would be futile. *Iqbal*, 556 U.S. at 679.

The Court also notes that Calloway has made numerous factual allegations regarding her other claims against the other defendants, none of which involve Good. (Docket No. 33). She provided quotes of what certain defendants said to support her claims, and she gave details about the actions certain defendants took to harm her. (Docket No. 33 at ¶¶ 14b, 14f, 14g, 14j, 15). Indeed, the Borough defendants did not seek to dismiss the claims against them and instead filed an answer. (Docket No. 38). These other factual details demonstrate that Calloway has the ability to set forth facts against those that she believes violated her rights, and yet she has not done so against Good, despite twice amending her complaint. Again, "judicial experience and common sense," indicate that any further amendment would be futile because Calloway would not set forth factual allegations against Good that would plausibly show entitlement to relief. *Iqbal*, 556 U.S. at 679; *Connelly*, 809 F.3d at 787. Thus, the Court will dismiss the complaint against Good with

prejudice.

### VI. CONCLUSION

Based on the foregoing, Good's Motion to Dismiss [34] is GRANTED and Calloway's second amended complaint is dismissed against Good, with prejudice. An appropriate order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Date: June 6, 2022

cc/ecf: All counsel of record.